Cox, J.
The question arising in this case is whether the plaintiff was an “employe” of the defendant Chair Company within the meaning of sec. 3206a Rev. Stat. and entitled to the preference therein given.
The Cincinnati Chair Company was a company (as its name implies) for manufacturing chairs. On the 21st day of January, 1890, a contract was entered into between the company and Lewis, whereby he was employed as a “ salesman and solicitor for one year, from January 1st, the company agreeing to pay him for his services the sum of $20 per month, payable on the 15th of each month, and a further commission of 5 per cent, on the net amount of all sales procured and obtained by him, or through him, for said company, to be paid on the first of each and every month.
On the 14th of April, 1890, Lewis filed with the recorder of Hamilton county the statement, required under sec. 3206a Rev. Stat., claiming that there was due him on account of monthly salary $30.00, and on commission for sales $85.00. The account filed showed sales made by him to almost every prominent furniture house in Cincinnati and some in St. Louis to the amount of $1518.70. It is also shown by the evidence that Lewis was what is known as a “ manufacturer’s agent,” and was not to remain at the factory or store of the company all his time, nor devote his whole time and attention to its business, but with the knowledge of the company, was engaged in a like employment for a portion of his time with other companies.
On the 9th of May, 1890, the company made an assignment to Mr. Dawson.
The assignee filed his petition in the probate court of Hamilton county, asking to sell the perpetual leasehold of the oompany to pay the debts.
Lewis filed an answer, setting up his claim as above. The *245 probate court decided he was not entitled to it, and the common pleas affirmed the judgment.
To reverse these judgments the petition in error is filed.
See. 3206a Rev. Stat. provides, “ laborers and employes of any firm, association of persons or corporation, whether such employment be at agriculture, mining, manufacturing, or other manual labor, shall have a lien upon the real property of their employers for their wages, which is hereby declared superior “ to certain classes therein named,” and in all cases where property of • an employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within the period of three months prior to the time such assignee, etc. is appointed, shall be first paid out of the trust fund in preference to, etc.”
It is claimed by the assignee that no person comes within the purview of sec. 3206a, except one who works with his hands at the business mentioned.
We think the courts below erred in their ruling in not properly construing the law.
There are evidently two classes of persons designated in the statute, “ laborers,” which may perhaps only be intended to mean such as “ work with their hands; ” and “ employes” to include any person employed to perform any services, whether manual or otherwise, necessary to be performed in and about the business in order to make it a success, and both entitled to the preference of the statute. The business of the assignor was that of manufacturing chairs. To carry it on successfully it was necessary to sell the products of the factory.
It would be useless to manufacture an article for which there was no sale, and how could there be sales without 'One who sells. It is claimed, however, that plaintiff was a mere traveling salesman, who went about selling articles of different manufacture. This, we all know, has come to be the manner of doing business by most large manufacturers of every kind. The salesman is not required to be at the factory, jbut to go any pl.aee where customers may be found. Even *246 this might well come under the name of labor. The articles were sold by the plaintiff to seventeen different persons, and the sales approved by the company to the amount of over $1,500. This view was sustained in 14 Maryland Reports, 558. The decision in 58 New York, 358, decides that the term ‘employe5 in its ordinary and usual sense, includes all whose services are rendered for another; it is not restricted to any kind of employment or services, but. includes as well the professional man as the common laborer, and held that it included a claim of counsel for professional services rendered by him on employment of the company in litigation relating to the railway, its interest and business. And the court in that case say ‘ to employ is to engage or use another as an agent or substitute in transacting business, or the performance of some service; it may be skilled labor or the service of a scientist or professional man, as well as servile or unskilled manual labor.5 30 New Jersey Equity, 558, includes as employe a drayman hauling iron and manufactured articles to and from a foundry, and cites with approbation the case in 58 New York, 358. And so, one of the police at the Capitol at Washington is decided to be an employe, by 3 Court of Claims Reports, 257.
Burch & Johnson, for Lewis.
Wade Gushing, for the general creditors,
“ We are of the opinion that the plaintiff’ is such an employe as comes within the meaning of the statute, and his claim should be allowed as a valid one against the estate. The judgment of the court of common pleas will, therefore, be reversed, and the case remanded to that court, with instructions to remand the case to the probate court with directions to reverse its judgment.55